IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CONERLY, | No C-10-0760 VRW (PR) |
| Petitioner, | |
| v | ORDER TO SHOW CAUSE |
| FRED FIGUEROA, Warden, | |
| Respondent. | (Doc ## 2 & 4) |

Petitioner, a state prisoner incarcerated at the North Fork Correctional Facility in Sayre, Oklahoma, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging a judgment of conviction from San Francisco County superior court. Doc #1. Because petitioner has paid the $5.00 filing fee, see Doc #5, his requests to proceed in forma pauperis, Doc ## 2 & 4, are DISMISSED as moot.

I

According to the petition, on May 8, 2006, petitioner was sentenced to twenty years in prison following his convictions of

three counts of second degree robbery and one count of receiving stolen property. Petitioner unsuccessfully challenged the judgment in the state appellate courts. On July 22, 2009, petitioner filed the instant federal petition for a writ of habeas corpus. Doc #1.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

Petitioner seeks federal habeas corpus relief by alleging three claims: (1) his twenty-year sentence is unconstitutional because the facts supporting his upper term sentence on the second degree robbery charge (count two) were not presented to a jury to be proven beyond a reasonable doubt, which violated the rule announced in Cunningham v California, 549 US 270 (2007); (2) trial counsel was ineffective at petitioner's sentencing hearing for not moving to strike under Romero v Superior Court, 13 Cal 4th 497 (1996) petitioner's prior felony conviction; and (3) petitioner's conviction of receiving stolen property must be vacated because under California law a defendant convicted of robbery cannot also be convicted of receiving property he stole in the robbery. See People v Allen 21 Cal 4th 846, 857 (1999) (penal code section 496,

2

subdivision (a) prohibits dual convictions of both stealing property and receiving the same stolen property).

Liberally construed, petitioner's first two claims appear cognizable under 28 USC § 2254 and merit an answer from respondent. See <u>Zichko v Idaho</u>, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally). Petitioner's third claim, however, is DISMISSED as moot because the state appellate court vacated petitioner's conviction for receiving stolen property. See <u>People v Conerly</u>, No A113827, 2008 WL 4329333 at *1, 5 (Cal Ct App Sept 23, 2008).

### III

For the foregoing reasons and for good cause shown,

1. Petitioner's requests to proceed in forma pauperis, Doc ## 2 & 4, are DISMISSED as moot.

2. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a

3

determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

4.   In lieu of an answer, respondent may file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

5.   Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.10\Conerly-10-0760-osc.wpd

**4**