NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CONERLY, ) | No. C 10-0760 LHK (PR) |
| ) Petitioner, ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; |
| vs. ) | DENYING CERTIFICATE OF APPEALABILITY |
| FRED FIGUEROA, ) | |
| ) Respondent. ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a response, and Petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented, and DENIES the petition.

**PROCEDURAL HISTORY**

On May 24, 2005, a jury found Petitioner guilty of three counts of second degree robbery with one enhancement for being armed with a firearm, and one count of receiving stolen property. (Resp. Memo. P & A at 1.) Petitioner was found to have served a prior prison term and have suffered a prior serious felony conviction. (*Id.*) The trial court sentenced Petitioner to a term of twenty years in state prison. (*Id.*) On November 28, 2007, the California Court of

Appeal vacated Petitioner's conviction for receiving stolen property, and otherwise affirmed the judgment. (Resp. Ex. 6 at 1.)  Thereafter, the California Supreme Court vacated the appellate court's decision, and remanded it in light of *People v. Towne*, 44 Cal. 4th 63 (2008). (*Id.* at 1.) On September 23, 2008, the California Court of Appeal again vacated the Petitioner's conviction for receiving stolen property, and otherwise affirmed the judgment. (Resp. Ex. 6.)  On December 10, 2008, the California Supreme Court denied Petitioner's petition for review. (Resp. Ex. 8.)

On February 23, 2010, Petitioner filed the underlying federal petition for writ of habeas corpus.  In its order to show cause, the Court directed Respondent to answer the following two claims:  (1) Petitioner's twenty-year sentence is unconstitutional because the facts supporting his upper term sentence on the second degree robbery charge (count two) were not presented to a jury to be proven beyond a reasonable doubt, in violation of *Cunningham v. California*, 549 U.S. 270 (2007), and (2) trial counsel was ineffective at Petitioner's sentencing hearing for failing to move to strike Petitioner's prior felony conviction under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996).

## BACKGROUND

The facts of the underlying crimes are mostly irrelevant to the federal claims brought in this federal petition.  In sum, Petitioner, and his co-defendants – Clarence Webster, Kevin Jones, and Edwina Taylor – robbed three separate victims on the night of March 23, 2004 and the early morning of March 24, 2004. (Resp. Ex. 6 at 1-4.)

## DISCUSSION

A.   <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

B. <u>Analysis</u>

    1.    *Cunningham* claim

Petitioner claims that the trial court erred when it sentenced him to the upper term on Count 2 because the jury did not find any facts in aggravation beyond a reasonable doubt, in violation of *Cunningham v. California*, 549 U.S. 270 (2007).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. *Duncan v. Louisiana*, 391 U.S. 145, 149-50 (1968). *Apprendi v. New Jersey*, 530 U.S. 466, 120 (2000), and its progeny extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

1 submitted to a jury, and proved beyond a reasonable doubt," except for the fact of a prior
2 conviction. *Id.* at 488-90. The "statutory maximum" for *Apprendi* purposes is the maximum
3 sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted
4 by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could
5 impose after finding additional facts, but rather is the maximum he or she could impose without
6 any additional findings. *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). In *Cunningham v.*
7 *California*, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law
8 ("DSL") – which used a sentencing triad of lower/middle/upper terms – violated the Sixth
9 Amendment because it allowed the sentencing court to impose an upper term sentence based on
10 aggravating facts that it found to exist by a preponderance of the evidence. *See id.* at 288-89.
11 Concluding that the middle term was the relevant statutory maximum, and noting that
12 aggravating facts were found by a judge and not the jury, the Supreme Court held that
13 California's DSL violated the rule set out in *Apprendi*. *Id.* at 288-89, 293.

14       Here, applying *Cunningham* and the applicable state law, the California Court of Appeal
15 considered and rejected Petitioner's claim.

> Conerly was [also] sentenced to the upper term on count 2 plus one-third the mid term on the remaining two robberies. The court imposed a consecutive one year term for the firearm enhancement and consecutive terms totaling 12 years based on his prior felony convictions. In selecting the upper term, the court explained, "There are aggravating factors that I find, you know, great violence to others, some people were harmed, Mr. Rones had suffered a stroke before the time of his episode, and both he and Mr. Poot were attacked by three people, the manner in which it was carried out indicated [planning.] [¶] The other thing I have to look at under the Rules of Court is that your past performance on parole wasn't satisfactory. [¶] And the other circumstances, you know, two of the three victims were unnecessarily beaten, the other was held at gunpoint, not by you personally, but you were there." As with [co-defendant] Webster, the record supports the trial court's finding that Conerly's prior performance on parole was not satisfactory under California Rules of Court, rule 4.421(b)(1). The probation report shows that in 1992, while on parole following a manslaughter conviction, Conerly was convicted of resisting a police officer and that in 1999, while on parole following a drug related felony conviction, he was convicted of a second drug related felony. Accordingly, under *Black II* and *Towne* Conerly's sentence was correctly imposed.

(Resp. Ex. 6 at 12.)

      The state appellate court relied upon the trial court's finding that Petitioner's prior

1  performance on parole was unsatisfactory in order to support its determination that there was no
2  *Cunningham* error. With no clearly established Supreme Court authority delineating the outer
3  bounds of *Apprendi*'s "prior conviction" exception, the Ninth Circuit has determined that
4  Supreme Court precedent "strongly suggests that the . . . exception does not extend to any and all
5  facts related to a prior conviction." *Butler v. Curry*, 528 F.3d 624, 644 (9th Cir. 2008) (citing
6  *Shepard v. United States*, 544 U.S. 13, 25-26 (2005) (plurality opinion)). To avoid a potential
7  conflict with the Sixth Amendment, the Supreme Court "limited the consideration of prior
8  convictions at judicial sentencing to those facts that can be established by the 'prior judicial
9  record' of conviction." *Id.*

10  If Petitioner's past performances on parole are not apparent on the face of conviction
11  documents – specifically, whether Petitioner was on parole at the time he committed other
12  offenses – that aggravating factor does not fall within *Apprendi*'s "prior conviction" exception.
13  *See Butler*, 528 F.3d at 644 ("we have been hesitant to broaden the scope of the prior conviction
14  exception to facts not apparent on the face of conviction documents"). Here, it is unclear
15  whether Petitioner's past performances on parole can be determined by reviewing documents of
16  Petitioner's prior convictions. *See, e.g.*, *id.* at 645-46 ("The fact that a defendant was on
17  probation at the moment of the current crime, however, is not reflected in the documents of a
18  prior conviction nor, for that matter, may it be conclusively inferred from those documents.").

19  Nonetheless, even assuming that the state courts violated *Cunningham* by relying on a
20  factor that does not fall within *Apprendi*'s "prior conviction" exception, this Court concludes
21  that any error was harmless. *See Washington v. Recuenco*, 548 U.S. 212, 222 (2006)
22  (recognizing that the failure to submit a sentencing factor to the jury, like failure to submit an
23  element to the jury, is not structural error; therefore, it is subject to harmless-error analysis);
24  *Butler*, 528 F.3d at 648 ("With regard to a Sixth Amendment sentencing violation, however, the
25  relevant question is not what the trial court would have done, but what it legally could have
26  done.").

27  Factors relating to aggravation include, *inter alia*, that a defendant has served a prior
28  prison term, and that a defendant's prior performance on probation or parole was unsatisfactory.

*See* Cal. R. Ct 4.421(b). Because the "finding of a single aggravating factor is sufficient to render a defendant eligible for the upper term," this Court only need only consider whether one of the aggravating factors would have been found by the jury and could have supported the upper term. *See Butler*, 528 F.3d at 632.

Here, the probation officer's report showed that Petitioner had served two prior prison terms – one in 1986 after being convicted of voluntary manslaughter, and one in 1997 after being convicted of possession of narcotics. (CT 148-49, 157.) Further, the probation report stated that, "while on parole supervision, [Petitioner] was returned to custody for either new arrests or other parole violations." (CT 148-49, 157.) These facts were not disputed or contradicted by any other evidence at sentencing, nor is there any dispute about the truth of these facts here. Accordingly, the Court concludes that the jury would have found at least one of the aggravating factors beyond a reasonable doubt, *see* Cal. R. Ct. 4.421(b)(3), (b)(5), and therefore any error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Thus, Petitioner is not entitled to habeas relief on this claim.

2. <u>Ineffective Assistance of Counsel</u>

In *People v. Superior Court (Romero)*, 13 Cal.4th 497, 508 (1996), the California Supreme Court interpreted the language of California Penal Code section 1385(a), and held that a trial court may, on its own motion or motion of a party, strike one or more prior felony conviction allegations in a case brought under the Three Strikes Law. Petitioner claims that counsel rendered ineffective assistance by failing to move to strike his prior serious felony conviction under *Romero*.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a

1 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
2 would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to
3 undermine confidence in the outcome. *Id.*
4       In California, a trial court has discretion to strike a prior conviction in the interest of
5 justice under Penal Code Section 1385 and *Romero*. The California Court of Appeal rejected
6 this claim on the basis that Petitioner failed to demonstrate prejudice.

> The trial court's discretion to strike a prior strike is limited. The three strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*People v. Romero*, *supra*, 13 Cal.4th at p. 528; *People v. Carmony* (2004) 33 Cal.4th 367, 377. [Three strikes law establishes "a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike" unless the sentencing court finds a reason for making an exception to this rule].) In order to strike a prior strike "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)
>
> Here, Conerly's probation report reflects that he suffered a prior serious felony conviction for voluntary manslaughter in 1986. Prior to that, he was convicted in 1981 of giving false information to a police officer. After his strike conviction, Conerly suffered two parole violations in 1987 and 1990, and in 1992 he was convicted of resisting arrest. Conerly was discharged from parole in 1994, and in 1996 he was convicted of possession of a controlled substance. Six months later, he was convicted again of possessing a controlled substance and receiving stolen property. Conerly was convicted a third time for possessing a controlled substance in 1999 and after being returned to custody for a parole violation in 2000, he was ultimately discharged from parole in 2002. As noted above, the present robberies occurred in March 2004. Based on Conerly's significant and uninterrupted criminal history, had a *Romero* motion been made it was not likely to have been granted. Indeed, although Conerly's attorney did not make such a motion, the prosecution's sentencing memorandum raised the issue and argued persuasively why the court should not exercise its discretion to strike the prior conviction.

(Resp. Ex. 6 at 9.)

      The Ninth Circuit has determined that there is no clearly established Supreme Court precedent concerning ineffective assistance of counsel at a sentencing proceeding in a non-capital case. *See Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006); *Strickland*, 466 U.S. at 686 ("We need not consider the role of counsel in an ordinary sentencing, which . . . may

require a different approach to the definition of constitutionally effective assistance."); *see, e.g.*, *Davis v. Belleque*, No. 10-36035, 2012 WL 76897, at **1 (9th Cir. Jan. 11, 2012) (unpublished memorandum disposition) ("As we held in *Davis* [], we cannot grant habeas relief under 28 U.S.C. § 2254(d)(1) based on a claim of noncapital sentencing [ineffective assistance of counsel] because there is no clearly established United States Supreme Court precedent applicable to that situation."). Therefore, federal habeas relief is not available under 28 U.S.C. § 2254(d)(1) for this claim. *Davis*, 443 F.3d at 1158.

Nonetheless, even assuming the standard announced in *Strickland* applies to this claim, Petitioner does not satisfy the prejudice requirement. Petitioner concedes that counsel moved to strike Petitioner's prior serious felony conviction on the ground that Petitioner did not knowingly and intelligently waive his rights (CT 135-39), but that motion was denied. Petitioner does not argue that there was a reasonable probability that, if counsel would have moved to strike under *Romero*, the result of the sentencing proceeding would have been different.

A review of the record demonstrates that the trial court was presented with an argument against striking Petitioner's prior serious felony conviction (CT 192) and listened to six character witnesses and Petitioner testify as to Petitioner's good character (RT 1248-1265). After Petitioner's prior serious felony for voluntary manslaughter in 1986, Petitioner violated his parole at least three times, and was subsequently convicted of five additional crimes, including the underlying robberies. (CT 148-49.) There is no indication, nor does Petitioner assert, that the "nature and circumstances of [Petitioner's] present felonies and prior serious and/or violent felony convictions, and the particulars of [Petitioner's] background, character, and prospects" deemed Petitioner to be outside the spirit of the Three Strikes Law. Because Petitioner did not establish a reasonable probability that counsel's motion to strike Petitioner's prior serious felony conviction under *Romero* would have led the trial court to strike the prior conviction, this Court concludes that the state court's rejection of Petitioner's ineffective assistance claim was not unreasonable.

## CONCLUSION

Petitioner's petition for writ of habeas corpus is DENIED.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 11/15/12

LUCY H. KOH
United States District Judge